UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:21-cv-00034-TBR

**DAVID EWING TOMLINSON**                                    **PLAINTIFF**

**v.**

**TRIGG COUNTY, KENTUCKY** *et al.*                          **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants Trigg County, Kentucky, and Trigg County Sheriff Aaron Acree's Motion to Dismiss. [DN 5]. Plaintiff David Tomlinson responded [DN 7; DN 8]. Defendants replied. [DN 10]. Plaintiff also filed a Motion to Amend his Complaint. [DN 9]. Defendants responded. [DN 10]. As such, this matter is ripe for adjudication. For reasons stated herein, Defendants' Motion to Dismiss is **GRANTED IN PART and DENIED IN PART**. Plaintiff's Motion to Amend is **GRANTED**.

### I.    Background

Based on the facts provided in the Complaint, Plaintiff David Tomlinson was employed by the Trigg County, Kentucky, Sheriff's Office (TCSO) as a deputy sheriff beginning in February 2016. [DN 1 at 2]. Jason Barnes followed by Aaron Acree were the Trigg County Sheriffs during Tomlinson's employment. [DN 9-1 at 2]. As a K-9 Officer handler, from March 1, 2019, through September 1, 2020, Plaintiff took his K-9, Krator, home every night where he would train, groom, feed, exercise, and generally take care of the dog. [DN 1 at 2–3]. Tomlinson met with former Sheriff Barnes and requested overtime pay of approximately 546 hours, but he was never compensated. *Id.* After Sheriff Acree became sheriff, on September 1, 2020, Plaintiff was terminated. *Id.* at 3.

1

On February 24, 2021, Tomlinson filed suit in this Court "to recover damages for violations of his rights under the Fair Labor Standards Act against the Defendants, Trigg County, Kentucky, Trigg County Sheriff's Office and Trigg County Sheriff Aaron Acree, in his official capacity." *Id.* at 1–2. In his Complaint, Plaintiff alleged violations of the Fair Labor Standard Act (FLSA) and a Kentucky state statute, KRS 337.385. *Id.* at 3. Tomlinson argued that he was entitled to overtime pay for his time taking care of his K-9 counterpart and such pay was "willfully and intentionally refused" by TCSO and Sheriff Barnes, the previous Trigg County Sheriff. *Id.* Defendants then filed the present Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. [DN 5]. In their Motion, Defendants argue that this Court lacks jurisdiction to rule on this case, because case law "eliminates federal court jurisdiction for FLSA's wage and hour provisions, specifically those related to overtime pay, when brought against an entity of the state." *Id.* at 2. Because the original complaint was filed against Trigg County, Kentucky, and the Trigg County Sheriff in his official capacity, both defendants were state actors, which would result in a lack of jurisdiction of this Court and a dismissal of this case under the 11th Amendment. *Id.* Plaintiff agreed with this conclusion in his Response and therefore filed a concurrent Motion to Amend/Correct his Complaint realleging his original complaint, but changing his allegations against Defendant Sheriff Acree "from against him in his official capacity to in his individual capacity." [DN 9-1]. Plaintiff also added former Trigg County Sheriff Jason Barnes as a Defendant to the case in his individual capacity. *Id.*

## II.     Legal Standard

### A.  Motion to Amend Pursuant to Rule 15(a).

Under Rule 15(a), a party may amend a pleading once as a matter of course. Fed. R. Civ. P. 15(a). The pleading may be amended either twenty-one (21) days after service, or "if the

pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading, or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

### B. Motion to Dismiss Pursuant 12(b)(1).

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may assert by motion the defense of "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." *Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). In a challenge to the factual basis, however, the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case . . . no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 890–91 (3d Cir. 1977)). Therefore, while, "when a Rule 12(b)(6) motion is converted to a Rule 56 motion for summary judgment, the court, upon finding genuine issues as to material facts, must deny the motion; . . . on a Rule 12(b)(1) challenge to subject matter jurisdiction, the court is empowered to resolve factual disputes." *Id.* (quoting *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir.

1986)). Finally, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also *Bauer v. RBX Indus. Inc.*, 368 F.3d 569 (6th Cir. 2004).

### C. Motion to Dismiss Pursuant to Rule 12(b)(6).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may assert by motion the defense of "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

## III.  Discussion

### A. Motion to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." The rule directs that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule gives effect

to the principle that, as far as possible, cases should be determined on their merits and not on technicalities. *Cooper v. Am. Employers' Ins. Co.*, 296 F.2d 303, 306 (6th Cir.1961). Denial of leave to amend may be appropriate "where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Miller v. Champion Enters., Inc.*, 346 F.3d 660, 690 (6th Cir.2003) (citations and quotation omitted).

Eighteen days after Defendants filed the present Motion to Dismiss, on April 9, 2021, Plaintiff filed with the Court a joint Motion to Amend and Response to Defendants' Motion to Dismiss. [DN 7]. On April 14, 2021, twenty-two days after Defendants' Motion to Dismiss, the Court informed Plaintiff that a Response and Motion to Amend must be filed separately. That same day, Plaintiff filed the present Motion to Amend, [DN 9], and a separate Response. [DN 8]. Technically, the appropriately filed Motion to Amend was filed outside of the twenty-one-day window to amend a pleading, as a matter of course, under Rule 15(a). However, the Court avoids determining cases on technicalities. *See Cooper*, 296 F.2d. at 306. The Court does not believe that Plaintiff's motion is the result of "undue delay, bad faith or dilatory motive," because of a mere technical mistake. *Miller*, 346 F.3d at 690. Further, under Rule 15(a)(2) the Court may amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). As such, the Court grants Plaintiff's Motion to Amend the Compliant adding former Sheriff Jason Barnes in his individual capacity and changing Defendant Sheriff Aaron Acree from his official capacity to his individual capacity.

### B. Motion to Dismiss

This Court delt with similar issues in a prior case, *Fraternal Ord. of Police Barkley Lodge #60, Inc. v. Fletcher*. No. 507-CV-11-R, 2007 WL 1191722 (W.D. Ky. Apr. 18, 2007). In that

5

case, the plaintiff alleged violations of the FLSA and a related Kentucky statute against the Fraternal Order of the Police as well as current and past correct officers *in their official capacities*. *Id.* at *1. The Court explained there that:

> The Eleventh Amendment prohibits suits against state governments and their agencies unless Congress has abrogated the sovereign immunity of the state. *Hans v. Louisiana*, 134 U.S. 1, 18 (1890); *Quern v. Jordan*, 440 U.S. 332, 341 (1979). The United States Supreme Court has held that a "suit against a state official in his or her official capacity is not a suit against the official, but rather a suit against the official's office." *Will v. Michigan Dept. Of State Police*, 491 U.S. 58, 67 (1989); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985). As such, a suit against government agents, such as the Defendants, in their official capacity, equates to a suit against the government. However, it is well-settled law that "a suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Cowan v. University of Louisville School of Medicine*, 900 F.2d 936, 940-41 (6th Cir.1990) (quoting *Quern*, 440 U.S. at 337).

*Id.* at *2. The Court went on to hold that "the FLSA . . . claims against the Defendants in their official capacities fail as a matter of law because they are barred by the Eleventh Amendment" and that "because the federal claims against the Defendants fail as a matter of law, the Court does not have pendent jurisdiction under 28 U.S.C. § 1367 to address state law claim asserted against the Defendants." *Id.* The Court did, however, "grant the Plaintiffs leave to amend their complaint." *Id.*

The plaintiffs, in the *Fletcher* case, amended their complaint asserting the same claims against the Defendants but in their individual capacities. In a later opinion and order denying in part the defendants' motion to dismiss the plaintiff's amended complaint, this Court provided a "brief survey of Sixth Circuit precedent and other circuit opinions . . . [on] the issue or whether public officials can be sued individually under the FLSA" which is a topic "of considerable debate." *Fraternal Ord. of Police Barkley Lod. v. Fletcher*, 618 F. Supp. 2d 712, 720 (W.D. Ky. 2008). In the final holding of that case, this Court determined that: "The simplest and plain reading of the FLSA leads the Court to conclude that public employees who act directly or indirectly in

the interest of an employer, including a public agency employer, in relation to an employee, may be held individually liability under the FLSA." *Id.* at 721.

Similarly, in the present case, the Court must dismiss the claims against Trigg County, Kentucky, and the Trigg County Sheriff in his official capacity because they are barred by the Eleventh Amendment and fail as a matter of law. But, because Plaintiff is permitted to amend his complaint to be against both former Sheriff Jason Barnes and current Sheriff Aaron Acree *in their individual capacities*, dismissal of the case in that regard is not appropriate. For similar reasons, the Court retains pendent jurisdiction under 28 U.S.C. § 1367 to hear the state law claims brought against Defendants Barnes and Acree under KRS 337.385.

### IV.  Conclusion

For the reasons stated, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **GRANTED IN PART and DENIED IN PART**. [DN 5]. Additionally, Plaintiff's Motion to Amend, [DN 9], is **GRANTED**.

**IT IS SO ORDERED**.

**Thomas B. Russell, Senior Judge**
**United States District Court**

October 21, 2021

cc: counsel